IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEFFREY JOEL JUDY, | ) |
| 4711 Swason Loop, Apt. E | ) |
| North Ft. Myers, Florida 33917 | ) |
| | ) |
| Plaintiff, | )  Case No: |
| | ) |
| v. | ) |
| | ) |
| ARUNDEL MILLS MARKETPLACE L.P. | ) |
| 5425 Wisconsin Ave, Suite 500 | ) |
| Chevy Chase, MD 20815 | ) |
| *A Delaware Limted Partnership* | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, Jeffrey Joel Judy, an individual, by and through his undersigned counsel, hereby files this Complaint and sues Arundel Mills Marketplace L.P., a Delaware Limited Partnership, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant's principal office is located in Chevy Chase, Maryland.

3. Plaintiff, Jeffrey Joel Judy, ("Mr. Judy") is a resident of the State of Florida. However, Mr. Judy enjoys traveling to Baltimore to visit his relatives who reside in the area.

4. Mr. Judy is a qualified individual with a disability under the ADA. Mr. Judy was

injured in a motorcycle accident and is paralyzed from the waist down. Mr, Judy is a T8-T9 paraplegic and uses a wheelchair for his primary means of mobility.

5.   Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6.   The Defendant, Arundel Mills Marketplace L.P. (hereinafter referred to as "Arundel Mills Marketplace" or "Defendant") is a Delaware Limited Partnership with its principal office in Chevy Chase, Maryland.  Upon information and belief, Defendant is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which are the subject of this action, to wit: the Property generally located at 7659-7667 Arundel Mills Circle, Hanover, MD 21076 ("the Property").  The Defendant is responsible for complying with the obligations of the ADA.  All events giving rise to this lawsuit occurred in the District of Maryland, Anne Arundel County.

## COUNT I
### (VIOLATION OF TITLE III OF THE ADA)

7.   The allegations set forth in paragraphs 1 – 6 above are incorporated by reference as if fully set forth herein.

8.   The Property is a place of public accommodation and is therefore subject to Title III of the ADA.

9.   Mr. Judy has visited the Property and plans to return to the Property in the near future.

10.  During his visit, Mr. Judy experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein and in paragraph 13 of this Complaint.

11. Mr. Judy continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which still exist.

12. Mr. Judy plans to and will visit the Property once the barriers discussed in paragraph 14 and any other barriers have been removed.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.302 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to, *inter alia*, have accessible facilities within five (5) years of January 26, 1992. These violations include, but are not limited to:

   A. inaccessible parking due to excessive slopes and cross slopes;

   B. inaccessible route to entry due to slopes and cross slopes;

   C. inaccessible ramps and curb cuts throughout the facility due to excessive slopes and excessive side flairs;

   D. inaccessible restrooms due to lack amenities outside of reach range; and

   E. inaccessible entries due to lack of level landings at doors.

14. The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron to the stores located on the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against Arundel Mills Marketplace and requests the following injunctive and declaratory relief:

   A. That the Court declare that the Property owned and administered by Arundel Mills Marketplace is in violation of the ADA;

   B. That the Court enter an Order directing Arundel Mills Marketplace to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

   C. That the Court enter an Order directing Arundel Mills Marketplace to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow Arundel Mills Marketplace to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

>Respectfully Submitted,
>KU & MUSSMAN, P.A.
>11098 Biscayne Blvd., Suite 301
>Miami, FL 33161
>Tel: (305) 891-1322
>Fax: (305) 891-4512
>*Attorneys for Plaintiff*
>
>*LOCAL COUNSEL*
>
>_____
>Brien M. Penn (Fed Bar # 127313)
>1200 G Street, N.W. Suite 800
>Washington, DC 20005
>410-914-7366
>443-926-0589 (fax)
>brien@brienpennlaw.com